UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALVARO MARIN and FERNANDO MARIN,
On behalf of themselves and others similarly
situated current and former manual laborers
employed by defendants,

                Plaintiffs,                NOT FOR PUBLICATION
                                                                **MEMORANDUM & ORDER**
    - against -                                         09-CV-01384 (CBA) (VVP)

JMP RESTORATION CORP.,
JMP MAINTENANCE CORP. and VICTOR
GONZALEZ,

                Defendants.
------------------------------------------------------------------x
AMON, Chief United States District Judge.

       Plaintiffs in a collective action brought claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") against defendants for unpaid compensation and liquidated damages. On April 22, 2011, five plaintiffs, Alvaro Marin, Fernando Marin, Lino H. Avila, Hugo Sanchez, and Tomas Rosas moved for partial summary judgment on their unpaid overtime wages claims and liquidated damages. The Court referred the motion to Magistrate Judge Viktor V. Pohorelsky for report and recommendation.

       On August 24, 2012, Magistrate Judge Pohorelsky issued a Report and Recommendation ("R&R") recommending that the Court (a) grant summary judgment in favor of plaintiffs Alvaro Marin, Fernando Marin, Hugo Sanchez, and Tomas Rosas on their claims for recovery of unpaid overtime wages under the NYLL; and (b) deny summary judgment on all remaining claims because issues of fact remain as to (1) whether defendants were subject to the FLSA, (2) whether Lino H. Avila is exempt from the statutory overtime rate under both the FSLA and the NYLL, and (3) whether defendants' violation of the law was willful.

Neither party has objected to the R&R. When deciding whether to adopt a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Pohorelsky's R&R as the opinion of the Court.[1] Accordingly, the Court grants plaintiffs' motion for summary judgment as to their NYLL overtime claims as follows:

1. Alvaro Marin is awarded $3,876.99 in damages;

2. Fernando Marin is awarded $7,025.68 in damages;

3. Tomas Rosas is awarded $2,080.00 in damages;

4. Hugo Sanchez is awarded $2,080.00 in damages.

Plaintiffs' motion for summary judgment is otherwise denied.

SO ORDERED.

Dated: Brooklyn, New York
September 24, 2012

s/CBA

Carol Bagley Amon
Chief United States District Judge

---

[1] Magistrate Judge Pohorelsky remarks in a footnote that plaintiffs are not entitled to recover liquidated damages under both the FLSA and the NYLL. (R&R at 16 n.5.) Because an issue of fact remains to be resolved in plaintiffs' claims for liquidated damages, this statement has no bearing on the R&R's conclusions adopted by the Court. The Court nevertheless observes that district courts in this Circuit have disagreed as to whether a plaintiff can simultaneously recover liquidated damages under both the FLSA and the NYLL. Compare Callier v. Superior Bldg. Servs., Inc., No. 09 CV 4590, 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010), report and recommendation adopted 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011) (permitting plaintiffs to recover liquidated damages under both statutes), with Jin v. Pac. Buffet House, Inc., No. CV-06-579, at *9 (E.D.N.Y. Aug. 24, 2009) (allowing plaintiff to recover liquidated damages under the FLSA only). The Court notes therefore that plaintiffs remain free to argue this point if it becomes relevant at a later date.